FILED
 2014 Jun-13 PM 03:29
U.S. DISTRICT COURT
    N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

| | | |
|---|---|---|
| **RANDALL SCOTT,** | ) | Case No. |
| **PLAINTIFF,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **MEMCO INC.,** | ) | |
| **DEFENDANT.** | ) | **JURY DEMAND** |
| | ) | **ENDORSED HEREON** |

## COMPLAINT

Now comes Plaintiff, by and through his attorney, and makes the following allegations against Defendant, Memco, Inc.:

I. JURISDICTION AND VENUE

1. This suit is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964 and the Surface Transportation Assistance Act. Jurisdiction of this Court is established under 28 U.S.C. § 1331.

2. Venue lies with this Court pursuant to 28 U.S.C. §1391(b) as the acts giving rise to the claims alleged herein occurred within this district.

3. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on or about November 13, 2013 (attached as Exhibit A). On or about June 6, 2014, the EEOC issued a Notice of Suit Rights (attached as Exhibit

B). Plaintiff filed a complaint of violation of the Surface Transportation Assistance Act with the Occupational Safety and Health Administration on or about November 14, 2013. More than 210 days have passed, and the Secretary of Labor has not issued a final decision.

II. PARTIES

4. Plaintiff Randall Scott (hereinafter "Plaintiff") was an employee of Memco, Inc. Plaintiff was based in Attalla, Alabama.

5. Plaintiff was at all times relevant hereto an "employee" residing in Alabama.

6. Defendant is an entity doing business in Alabama.

7. Defendant is Memco, Inc. (hereinafter "Defendant").

III. FACTS

8. Plaintiff was employed as a commercial driver with Defendant starting around July 2008.

9. Plaintiff was terminated on or around August 20, 2013.

10. Defendant is a commercial motor carrier within the meaning of 49 U.S.C. §31101.

11. Defendant is engaged in transporting products on the highways via commercial motor vehicle, that is, a vehicle with a gross weight rating of 10,001 pounds or more designed to transport material.

12. Defendant's main office is located in Van Buren, Arkansas.

13. Plaintiff was an employee within the meaning of 49 U.S.C. §31101. In the course of his employment, Plaintiff directly affected commercial motor vehicle safety, in that he drove Defendant's trucks over highways in commerce to transport materials. Plaintiff and Defendant are therefore covered under the STAA.

14. Plaintiff drove Defendant's commercial vehicles transporting products to and from designated locations, primarily in Alabama and Mississippi. Plaintiff worked out of Defendants's facility located in Attalla, Alabama.

15. Plaintiff received no disciplinary actions prior to his termination.

16. Around the middle of 2012, Plaintiff was instructed by his supervisor, Richard Nitzsche, to work more than the 14 hours allowed under Department of Transportation regulations.

17. Nitzsche instructed Plaintiff to record less time than he worked in order to make it appear that DOT regulations were not being violated.

18. When Plaintiff expressed opposition to having to fudge the records, Nitzsche required Plaintiff to exceed the 14-hour maximum and to indicate Plaintiff worked fewer hours.

19. In or Around April 2013, Plaintiff complained to Nitzsche again that he was opposed to breaking DOT regulations by working excessive hours and fudging records.

20. Plaintiff indicated to Nitzsche that he intended to complain directly to the DOT if Nitzsche continued to force Plaintiff to break DOT regulations.

21. Shortly after Plaintiff informed Nitzsche that he intended to report Defendant to the DOT, Nitzsche began calling Plaintiff (who is heterosexual and male) gay and queer, and accusing Plaintiff of being lovers with his male coworker, Jeff Houston.

22. Nitzsche made such harassing remarks on a daily basis, and Plaintiff repeatedly informed Nitzsche that he objected to him doing so.

23. Nitzsche also harassed Plaintiff by bringing in knives and automatic weapons into the workplace, laying the weapons on his desk, and remarking how easy it was–as a former member of the military–to kill someone.

24. Plaintiff continued to express his opposition to having to break DOT regulations and to being harassed and threatened.

25. In May or June 2013, Nitzsche told Plaintiff that if he did not do as instructed and break DOT regulations, Plaintiff would be fired and that "if you don't do it, somebody else will."

26. Up until the time of his termination, Plaintiff continued to express opposition to having to break the law and being harassed and threatened.

27. On or around August 20, 2013, Plaintiff was brought into a meeting with Nitzsche and Larry McGriff and told he was no longer needed and that he needed "to hit that door."

28. During his employment, Plaintiff was never trained on how to report DOT violations or sexual harassment. At the location where he worked, Plaintiff was the only driver with a CDL license.

29. In the months after his termination, Nitzsche drove Plaintiff's former routes, though Nitzsche lacked a CDL license.

IV. FIRST AND SECOND CAUSES OF ACTION
RETALIATORY HARASSMENT AND RETALIATORY TERMINATION-STAA

30. As detailed in paragraphs 16 through 29, Plaintiff engaged in protected activity by repeatedly objecting to his supervisor's requiring him to violate DOT regulations. Plaintiff also is protected under the STAA because Defendant perceived Plaintiff was about to furnish information to the DOT regarding Defendant's violations, as Plaintiff informed his supervisor that he intended to inform the DOT of Defendant's violations of DOT regulations. Plaintiff was subjected to retaliatory harassment by Nitzsche.

Plaintiff was terminated in retaliation for engaging in protected activity and because Defendant perceived he was about to inform the DOT of Defendant's violations.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment against Defendant as follows:

a. That the Court declare the rights and duties of the parties consistent with the relief sought by Plaintiff;

b. That Plaintiff recover back pay, be reinstated or receive front pay, and recover compensatory, special, and punitive damages;

c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses;

d. Plaintiff further prays for such additional relief as the interests of justice may require.

V. THIRD AND FOURTH CAUSES OF ACTION
HOSTILE WORK ENVIRONMENT AND RETALIATION ON THE BASIS OF SEX—TITLE VII

31. As detailed in paragraphs 21 through 29, Plaintiff was subjected to a hostile work environment and retaliation on the basis of sex. Plaintiff was exposed to a hostile work environment that negatively affected the terms, conditions, or privileges of his employment. Management created the hostile work environment. Plaintiff engaged in protected activity by opposing the harassment on numerous occasions. Plaintiff was terminated in retaliation for opposing unlawful employment practices.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment against Defendant as follows:

a.   That the Court declare the rights and duties of the parties consistent with the relief sought by Plaintiff;

b.   That Plaintiff recover back pay, be reinstated or receive front pay, and recover compensatory and punitive damages;

c.   That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses;

d.   Plaintiff further prays for such additional relief as the interests of justice may require.

Respectfully Submitted,
**Russell P. Parker**
Russell P. Parker
ASB-7571-S74P
2170 Highland Avenue South, Suite 111
Birmingham, AL 35205
T (205) 222-2524
F (205) 332-1988
RussParkerLaw@gmail.com

**Defendant's Address**
**Memco, Inc.**
**c/o Glenn Bookout**
**315 5th St SW**
**Cullman, AL 35055**